In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00274-CV
_____


IN RE COMMITMENT OF ERVIN THOMAS SORRELLS


On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-11-12740 CV


**MEMORANDUM OPINION**

The State of Texas filed a petition to commit appellant Ervin Thomas Sorrells as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014). A jury found that Sorrells is a sexually violent predator, and the trial court signed a final judgment and an order of civil commitment. In three appellate issues, Sorrells challenges the legal and factual sufficiency of the evidence supporting the finding that he has a behavioral abnormality and the constitutionality of Chapter 841 of the Texas Health and Safety Code. We affirm the trial court's judgment and order of civil commitment.

1

ISSUES ONE AND TWO

In issue one, Sorrells challenges the legal sufficiency of the evidence that he suffers from a behavioral abnormality. In issue two, Sorrells challenges the factual sufficiency of the evidence that he suffers from a behavioral abnormality. We address issues one and two together.

When reviewing the legal sufficiency of the evidence, we assess all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for a commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 887. Under a factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

Under the SVP statute, a person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Tex. Health &

Safety Code Ann. § 841.003(a) (West Supp. 2014). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id*. § 841.002(2).

During the trial, the jury heard testimony from psychiatrist Dr. Sheri Gaines that Sorrells has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence. Gaines explained that Sorrells's "big risk factors" are Sorrells's "deviant sexual acts and his unstable lifestyle." Gaines testified that she diagnosed Sorrells with "pedophilic disorder, nonexclusive type, [with] male and female victims, and limited to incest" as well as antisocial personality disorder, psychopathic traits, and polysubstance use. The jury heard Gaines testify that Sorrells's sexual convictions are evidence of his sexual deviance. Gaines also opined that Sorrells minimizes his offenses against his daughter, and she explained that Sorrells denied committing the offense against his son. In addition, Gaines explained that Sorrells participated in a sex offender treatment program while on parole, but nevertheless committed a new sexual offense. Gaines testified that Sorrells's positive factors, such as his age, marital

3

status, good behavior in prison, and the existence of a support system for him, do not outweigh his risk factors.

Sorrells testified that the first offense for which he was convicted was the sexual assault of his daughter when she was seven years old, and he admitted that he was sexually aroused when he was assaulting her. Sorrells testified that he also pleaded guilty to aggravated sexual assault of his son and received a fourteen-year sentence for that offense. Sorrells testified that he has been enrolled in a nine-month sex offender treatment program, and he explained that he does not think he has problems controlling his sexual urges.

Licensed professional counselor Dr. Anna Shursen testified on behalf of Sorrells. Shursen testified that she did not diagnose Sorrells with pedophilia, and she explained that "[i]ncest offenders have the lowest rate of recidivism of any offenders." Shursen also testified that Sorrells's "good institutional adjustment" indicates that he does not suffer from antisocial personality disorder. Shursen also noted that Sorrells has done "very well" in sex offender treatment. Shursen opined that Sorrells does not suffer from a behavioral abnormality that makes him likely to commit predatory acts of sexual violence.

As sole judge of the weight and credibility of the evidence, the jury could reasonably conclude that Sorrells suffers from a behavioral abnormality that makes

4

him likely to engage in a predatory act of sexual violence. *See In re Commitment of Lowe*, No. 09-14-00098-CV, 2014 WL 4363624, at *2 (Tex. App.—Beaumont Sept. 4, 2014, no pet.) (mem. op.); *see also Mullens*, 92 S.W.3d at 887. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Sorrells has a behavioral abnormality; therefore, the evidence is legally sufficient. *See* Tex. Health & Safety Code Ann. §§ 841.002(2), 841.003(a); *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002); *Mullens*, 92 S.W.3d at 885. In addition, weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issues one and two.

## ISSUE THREE

In his third issue, Sorrells contends that this Court's decision in *In re Commitment of Richard*[1] renders Chapter 841 unconstitutional. We have previously addressed and rejected this argument. *See In re Commitment of Lucero*, No. 09-14-00157-CV, 2015 WL 474604, at **9-10 (Tex. App.—Beaumont Feb. 5, 2015, no pet. h.) (mem. op.). For the same reasons outlined in *Lucero*, we reject

---

[1]*In re Commitment of Richard*, No. 09-13-00539-CV, 2014 WL 2931852 (Tex. App.—Beaumont June 26, 2014, pet. denied) *petition for cert. filed,* ___ U.S.L.W. ___ (U.S. Feb. 10, 2015) (mem. op.).

Sorrells's constitutional arguments. *See id*. Accordingly, we overrule issue three and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 27, 2015
Opinion Delivered April 9, 2015

Before McKeithen, C.J., Kreger, and Horton, JJ.

6